UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. ROSEMAN, SR.,

      Plaintiff,

v.

NANCI J. GRANT, SHALINA D. KUMAR,
NATHAN COOK, OAKLAND COUNTY
SIXTH CIRCUIT COURT, and
STATE OF MICHIGAN,

      Defendants.
_____/

Case No. 24-cv-10830
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 3, 5) AND SUA SPONTE DISMISSING THE STATE OF MICHIGAN

Plaintiff John L. Roseman, Sr. filed a Complaint in the Michigan Court of Claims against the following Defendants: the Oakland County Sixth Circuit Court ("Circuit Court"); Circuit Court Chief Judge Nanci J. Grant; former Circuit Court Chief Judge and now United States District Judge Shalina D. Kumar; Oakland County Deputy Sherriff Nathan Cook; and the State of Michigan. (ECF No. 1 at PageID. 10-194.) Defendants, with the exception of the State, removed the Complaint to federal court on April 1, 2024, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1 at PageID. 1-3.) A few days later, Deputy Cook and the Circuit Court filed a motion to dismiss (ECF No.

3), followed by a motion to dismiss by Judges Grant and Kumar (ECF No. 5). Both motions have been fully briefed.[1] The Court finds that oral argument will not aid in the disposition of the pending motions and, therefore, dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

### Factual and Procedural Background

The claims in Mr. Roseman's Complaint arise from the foreclosure of his home in Farmington Hills, Michigan. (*See generally* ECF No. 1.) Mr. Roseman bought the property from Patricia Adams and Patrick Burgess (collectively "sellers") in May 2016. (*Id.* at PageID. 27.) He took a mortgage loan to do so. (*Id.*) The mortgage passed through different hands but was last held by Wells Fargo Bank and then DLJ Mortgage Capital Inc. ("DLJ"). (*Id.*) When DLJ acquired the mortgage, it was in default. (*Id.*) DLJ began foreclosure proceedings.

Mr. Roseman asserts that there were deficiencies in the mortgage loan documents and other documents which should have precluded DLJ from foreclosing on the property. (*Id.* at PageID. 31-33, 35.) It appears that Mr.

---

[1] In his response briefs, Mr. Roseman asserts that his concurrence was not sought before the pending motions were filed, in violation of Eastern District of Michigan Local Rule 7.1(a). This violation, Mr. Roseman argues, warrants the denial of the motions. The Court declines to rely on the rule to dispose of the pending motions particularly where Mr. Roseman's response briefs reflect that he would not have concurred in the relief sought anyway. The rule does not mandate the striking or denial of a motion filed in violation of its requirements. *See* E.D. Mich. LR 7.1(a)(3).

2

Roseman's dispute with the foreclosure is based, at least in part, on his claim that mortgage payments were not due because of a lawsuit he filed in the Circuit Court against the sellers and their real estate agent. In that lawsuit, Mr. Roseman sought to rescind the sale of the property based on the sellers' and agent's alleged misrepresentations and omissions during the transaction. (*See id*. at PageID. 35-36.)

The Circuit Court, with Judge Grant presiding, held that Mr. Roseman's claims against the sellers and real estate agent were subject to arbitration pursuant to the terms of the purchase agreement. (*Id*. at PageID. 38.) This decision was upheld on appeal. (*Id*.) The dispute proceeded to arbitration and resulted in a decision against Mr. Roseman in June 2020. (*Id*.) Mr. Roseman then filed an action in federal district court to vacate the arbitration award; however, the action was dismissed for lack of subject matter jurisdiction on August 4, 2020. (*Id*. at PageID. 38-39.) The district judge held that the Circuit Court was where Mr. Roseman had to seek relief. (*Id*. at PageID. 39.)

Therefore, on August 7, 2020, Mr. Roseman filed a motion to vacate the arbitration award in the Circuit Court, which was also assigned to Judge Grant. (*Id*.) Mr. Roseman claims Judge Grant has neither held a hearing nor issued a decision on his motion. (*Id*. at PageID. 39-41.) He asserts that Judge Kumar was negligent in her duty to supervise Judge Grant. (*Id*. at PageID. 41-42.) Both

judges' actions or inactions, Mr. Roseman claims, violated federal and state law. (*Id*. at PageID. 42.) The Circuit Court is liable, he argues, for the judges' alleged misconduct. (*See id*. at PageID. 53.)

Mr. Roseman also claims that the pendency of his action impacted the legitimacy of the foreclosure sale, which occurred on October 31, 2023. (*Id*. at PageID. 42-43.) Deputy Cook conducted the mortgage foreclosure sale and executed the Sheriff's Deed on Mortgage Sale. (*Id*. at PageID. 43, 141.) Prior to that time, Mr. Roseman had filed a lawsuit in federal court to enjoin the foreclosure, which was assigned to Judge Kumar. Judge Kumar denied Mr. Roseman's attempts to enjoin the foreclosure, finding that the statutory requirements for foreclosure had been met, and dismissed the action. *See Roseman v. Wells Fargo Bank, N.A.*, No. 22-cv-10054, 2022 WL 1736720 (E.D. Mich. Apr. 4, 2022); *Id.* 2022 WL 5082169 (E.D. Mich. May 5, 2022). The Sixth Circuit affirmed Judge Kumar's decisions on appeal. *Roseman v. Wells Fargo Bank, N.A.*, No. 22-1448, 2023 WL 3221940 (6th Cir. Jan. 25, 2023). The Supreme Court denied Mr. Roseman's subsequent petition for writ of certiorari. *Roseman v. Wells Fargo Bank, N.A.*, 143 S. Ct. 2584 (2023).

## Applicable Law and Analysis

### Judges Grant and Kumar

Judges Grant and Kumar move to dismiss Mr. Roseman's Complaint, asserting that they are entitled to absolute judicial immunity. The Court agrees. Mr. Roseman's claims against these defendants—whether characterized as racial discrimination, slander, or something else—arise solely from their judicial duties.

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1968); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)). This immunity extends to suits against state court judges under 42 U.S.C. § 1983. *Id.* (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson*, 386 U.S. at 554-55). It also extends "to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice[.]" *Id.* (citing *Pierson*, 386 U.S. at 554; *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). There are only two limited instances where judicial immunity does not apply: "the judge's activities were 'non-judicial' in nature or . . . performed without any jurisdiction to do so." *Id.* (citing *Pierson*, 386 U.S. at 554; *Mireles*, 502 U.S. at 11; *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978)).

Neither of these exceptions to immunity apply. The only actions by Judges Grant and Kumar that are described in Mr. Roseman's Complaint are those taken

in their judicial capacity while presiding over the lawsuits he filed in their respective courts. Mr. Roseman confirms this view in his response brief. (*See* ECF No. 12 at PageID. 300-01, 304.) There is no suggestion that they were acting in "the clear absence of all jurisdiction over the subject matter[,]" which is what is required to find that they are not shielded from immunity. *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)).

## Circuit Court

Mr. Roseman seeks to hold the Circuit Court liable for the alleged misconduct of Judges Grant and Kumar. However, "[a] municipality may not be liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, the plaintiff must show "that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bryan Cnty. Bd. of Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). To make this showing at the pleading stage, the plaintiff must allege facts rendering it plausible "that the municipality had a 'policy or custom' that caused the violation of [the plaintiff's] rights." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Monell*, 436 U.S. at 694).

6

Mr. Roseman fails to allege facts to plead a plausible municipal liability claim against the Circuit Court.[2]

### Deputy Cook

Deputy Cook makes several arguments for why Mr. Roseman's Complaint against him should be dismissed: (a) the Complaint alleges no facts that he

---

[2] The Circuit Court argues that it is entitled to Eleventh Amendment immunity. (*See* ECF No. 3 at PageID. 219.)  As an arm of the State, *see Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 763 (6th Cir. 2010), the Circuit Court generally would be immune from suit in federal court pursuant to the Eleventh Amendment, *see, e.g., Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citations omitted).  But, as Mr. Roseman points out, Eleventh Amendment immunity is waived when the defendant removes an action from state to federal court.  (*See* ECF No. 13 at PageID. 325 (citing *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002)); *see also Ku v. State of Tenn.*, 322 F.3d 431, 434 (6th Cir. 2003) (finding that the State waived its Eleventh Amendment immunity in a § 1983 action by appearing and litigating the plaintiff's claims in federal court and raising immunity only after an adverse judgment).  The Circuit Court fails to address *Lapides*.  The State of Michigan, which also is entitled to Eleventh Amendment immunity, did not join in the removal of this action to federal court and there is no indication that it consented to the removal.  (*See* ECF No. 1.)  Consent to remove an action from state to federal court is required only of those defendants "properly joined and served[.]"  28 U.S.C. § 1446(b)(2)(A).  Thus, the State of Michigan's immunity has not been waived.  *See Lapides*, 535 U.S. at 619-20 (explaining that a State waives its immunity when it "*voluntarily* invoked the federal court's jurisdiction") (emphasis added); *see also Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427, 436 (5th Cir. 2021) (internal quotation marks and citation omitted) (indicating that "a state may find itself in a case removed to federal court without having joined in the removal," and "this procedure does not itself infringe the state's sovereign immunity because the state, having taken no affirmative act, has not waived immunity and can still assert it."); *Kozaczek v. New York Higher Educ. Servs. Corp.*, 503 F. App'x 60, 62 (2d Cir. 2012) (finding no waiver where the state agency had not been properly served when the case was removed to federal court and therefore did not consent to removal).

engaged in any plausible violations of Mr. Roseman's constitutional rights; (b) Mr. Roseman is collaterally estopped from relitigating the mortgage foreclosure issue; and (c) Deputy Cook is entitled to quasi-judicial immunity because his actions, as described in the Complaint, were taken "while fulfilling the mandates of court orders and the clear prescriptions of the Michigan foreclosure statute."[3] (ECF No. 3 at PageID. 199.) The first two arguments support the dismissal of Mr. Roseman's claim(s) against Deputy Cook.[4]

In the Complaint, Mr. Roseman alleges that Deputy Cook conducted a sheriff's sale of the property "when he knew or should have known that [the] instruments of conveyance relied upon are faulty *de jure*." (ECF No. 1 at PageID.

---

[3] Deputy Cook cites no authority supporting his assertion that quasi-judicial immunity extends to an official simply because the official was performing his or her duties pursuant to a state statute. The Court declines to search for supporting authority itself.

[4] Courts have extended quasi-judicial immunity to sheriff and deputy sheriffs executing facially valid court orders, such as when they execute the sale of property pursuant to a judgment of foreclosure. *See, e.g., Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that the enforcement or execution of a court order "is intrinsically associated with a judicial proceeding" and officers doing so are cloaked with quasi-judicial immunity); *J.P. Silverton Indus. LP v. Sohm*, 243 F. App'x 82, 89 (6th Cir. 2007) (holding that commissioner executing a judge's order to sell foreclosed property was entitled to quasi-judicial immunity); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) (granting immunity to sheriff who participated in the execution of the foreclosure sale pursuant to judgment of foreclosure). Mr. Roseman's property, however, was foreclosed by advertisement, which is a non-judicial process. *See* Mich. Comp. Laws §§ 600.3201-.3285. It does not appear that Deputy Cook was executing or enforcing a court order when engaged in the foreclosure sale.

8

42-43.) A fundamental defect in Mr. Roseman's claims against Deputy Cook is that they are dependent on Mr. Roseman's assertion that there was a defect in the mortgage-related documents and that the foreclosure was wrongful. To the contrary, the foreclosure has been found lawful despite Mr. Roseman's repeated attempts to challenge it. *See supra*; *see also Roseman v. DLJ Mortg. Cap., Inc.*, No. 23-cv-11887, 2023 WL 9623778 (E.D. Mich. Dec. 18, 2023), *report & recommendation adopted in* 2024 WL 448783 (E.D. Mich. Feb. 6. 2024) (dismissing Mr. Roseman's action to enjoin the foreclosure finding that claim and issue preclusion precluded him from relitigating the validity of the mortgage and the foreclosure). Mr. Roseman is barred from relitigating those issues here for the reasons explained to him in prior decisions. *See, e.g., Roseman*, 2023 WL 9623778, at *2-3. Mr. Roseman's Complaint is devoid of additional facts to plausibly allege a claim against Deputy Cook.

Aside from Mr. Roseman's assertion that Deputy Cook carried out a wrongful foreclosure sale, the Complaint alleges only that Deputy Cook "engaged in a conspiracy to violate [his] civil rights." (ECF No. 1 at PageID. 51.) Federal courts must construe the allegations in pro se complaints liberally. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, even pro se plaintiffs must comply with the pleadings requirements articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v.*

9

*Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014).  Under those requirements, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 570).  "[M]ere conclusory statements" and "legal conclusions" are insufficient.  *Id.* at 668 (citing *Twombly*, 550 U.S. at 555).  Mr. Roseman's vague allegations do not plausibly state a claim against Deputy Cook.

### State of Michigan

While the State of Michigan has not responded to Mr. Roseman's Complaint, if it has even been served, the Court is sua sponte dismissing Mr. Roseman's claims against it.  There is not a single allegation in the Complaint to establish the State of Michigan's liability.

### Conclusion

In summary, the Court finds that Judges Grant and Kumar are entitled to judicial immunity with respect to Mr. Roseman's claims against them.  Mr. Roseman fails to state a plausible claim against the remaining defendants.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss by Sheriff Deputy Nathan Cook and the Oakland County Sixth Circuit Court (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss by Judges Grant and Kumar (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court sua sponte dismisses the claims against the State of Michigan.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 9, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 9, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
